UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHN OLIVER SNOW, | ) | |
| Petitioner, | ) | CV-S-03-0292-PMP(LRL) |
| vs. | ) | |
| | ) | **ORDER** |
| E.K. McDANIEL, *et al.*, | ) | |
| Respondents. | ) | |

Introduction

In this capital habeas corpus action, the Petitioner is conducting court-approved discovery in preparation for the filing of an amended petition. As part of that discovery, Petitioner served a subpoena on the Clark County District Attorney's Office (CCDA) (a copy is attached as Exhibit 1 to the CCDA's motion, located in the record at docket #68). The CCDA filed a Motion to Quash or Modify Subpoena (docket #68), asking that the Court either quash, or modify and limit the reach of, Petitioner's subpoena. Petitioner has filed an opposition to that motion (docket #70), and the CCDA has replied (docket #71).

The Court held a hearing on the CCDA's motion on December 9, 2005 (*see* docket #76). Counsel for the CCDA and counsel for Petitioner appeared at the hearing and presented argument in support of their positions.

1  The Court has carefully considered the papers submitted by the parties to this dispute, as well as the arguments made by counsel at the December 9 hearing. The Court will grant the CCDA's motion in part and deny it in part. The Court will place limits on the reach of Petitioner's subpoena, with respect to the time frame for which materials must be disclosed. With the subpoena so limited, the Court will order the CCDA to comply with the subpoena by producing to Petitioner's counsel the material called for by the subpoena, and by providing a privilege log regarding any material withheld from disclosure on the ground of any privilege. In consideration of the burden placed upon the CCDA by this discovery, the Court will grant the CCDA approximately 90 days to respond to the subpoena as required by this order.

Background

Petitioner was convicted and sentenced to death in connection with a contract killing in Las Vegas in 1983. The circumstances of the killing are described in previous orders of the Court regarding discovery matters in this case, located in the record at docket #56 and #67. Petitioner's conviction and sentence were affirmed on direct appeal by the Nevada Supreme Court. *See Snow v. State*, 101 Nev. 439, 705 P.2d 632 (1985). Later, the state courts denied Petitioner collateral relief.

Petitioner initiated this federal habeas corpus action on May 13, 2003. The petition was filed on May 16, 2003, after the matter of payment of the filing fee was resolved (*see* docket #9). Counsel was then appointed for Petitioner (*see* docket #9, #12, #14, #17, #18, and #19).

Petitioner filed a Motion for Leave to Conduct Discovery (docket #32) on March 22, 2004. On April 1, 2004, the Court approved a stipulation allowing Petitioner to file a corrected discovery motion (docket #40), and the corrected motion (docket #42) was filed on April 2, 2004. On August 19, 2004, the Court entered an order (docket #56) regarding Petitioner's corrected discovery motion, and called for further briefing. The further briefing was filed, and on April 11, 2005, the Court held a hearing on the matter (*see* docket #66).

On April 22, 2005, the Court entered an order (docket #67) granting Petitioner leave to conduct discovery, including discovery from the CCDA, the agency that prosecuted Petitioner. In

general, the discovery authorized by the Court seeks information regarding 13 individuals, including Petitioner himself, co-defendants, witnesses, and an alleged unindicted co-conspirator.

Much of the argument with respect to Petitioner's corrected motion for leave to conduct discovery focused on Petitioner's contention that material has been wrongfully withheld from discovery in previous litigation in both state and federal court. In the April 22, 2005 order, the Court stated the following regarding that contention, as it relates to certain of Petitioner's claims in this case:

> Petitioner also seeks discovery regarding other claims -- or "theories," as Petitioner describes them -- not asserted in his petition. *See* Motion, pp. 17-23, 28-29, and 33-36; *see also* Order Entered August 19, 2004, p. 11, lines 14-21. In particular, Petitioner asserts that his counsel was constitutionally ineffective in not obtaining, and the prosecution violated its constitutional disclosure obligations by not disclosing, information concerning prosecution witnesses Richard Morelli, Melinda Barwick, and Sally Cook, and alleged conspirator John Biancone. *See* Motion, pp. 17-23, 28-29. Further, Petitioner claims, more generally, that his counsel unreasonably failed to obtain, and the prosecution unconstitutionally withheld, certain FBI records, and records of other law enforcement entities. *See* Motion, at pp. 33-36. Petitioner has not made any showing that he has ever pursued any of these claims in state court.
>
> Petitioner has, however, made a showing that certain material related to these claims was not disclosed in previous discovery in this Court in 1995 and in state court in 1998. *See* Motion, pp. 10-12; *see also* Exhibits 3.30, 4.5, 4.9, 4.11, 4.12, 4.13, 4.17, 4.19, 4.20, 4.22, 4.22A, 4.22B, 4.22C, 4.22D, 4.22E, 4.22F, 4.22G, 4.22H, 4.22I, 4.42, 4.44, 4.45. That material relates most directly to Kathy Faltinowski and Richard Morelli, two prosecution witnesses. The nondisclosure of that material in prior discovery proceedings arguably undermined, at least to some extent, the ability of Petitioner to exhaust his claims. And, naturally, the nondisclosure of that material in prior discovery proceedings also raises the question: what other potentially exculpatory material has been withheld from disclosure in discovery proceedings over the course of the litigation concerning Petitioner's conviction and sentence?
>
> In the exercise of its discretion whether to grant discovery under Rule 6, the Court considers the Petitioner's showing that material concerning prosecution witnesses was withheld from discovery in previous habeas proceedings to temper the effect of Petitioner's apparent failure to exhaust certain of his claims, and to weigh in favor of Petitioner's request that he be allowed comprehensive discovery at this late stage of this litigation.

April 22, 2005 Order, pp. 9-10.

<u>Analysis</u>

<u>Preliminary Considerations</u>

The CCDA has not produced a privilege log. Federal Rule of Civil Procedure 45(d)(2) provides:

> When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Fed. R. Civ. P. 45(d)(2); *see also* Fed. R. Civ. P. 26(b)(5) (similar rule, applicable to discovery propounded to parties). The CCDA has not yet made any attempt to comply with this rule and argues it would be burdensome to do so. However, without a privilege log, it is difficult for Petitioner's counsel -- and for the Court -- to determine whether any particular material is in fact subject to any asserted privilege. This is a significant shortcoming of the CCDA's motion, at least with respect to its claims of privilege and work product protection.

Furthermore, it appears that the CCDA did not confer in any meaningful manner with Petitioner's counsel before filing its motion to quash or modify the subpoena, as required by Federal Rule of Civil Procedure 37(a)(2)(B). The CCDA did not attach to its motion a certification in that regard as required by Rule 37(a)(2)(B). This failure is unfortunate, as the parties have indicated that discovery issues similar to those addressed here have been settled short of litigation in other capital habeas cases. This is another significant shortcoming of the CCDA's motion.

The Court takes both of these matters into account in considering the CCDA's motion.

<u>The Scope of the Subpoena vis-a-vis the Scope of the Open File</u>

The CCDA argues that enforcement of the subpoena should be limited to the scope of the open file that was available to Petitioner at the time of trial. The CCDA argues, in this regard,

that reports of law enforcement officers and documents filed in court are proper open file material, but that notes and memoranda produced by attorneys are not.

The CCDA has cited no legal authority limiting the reach of discovery in a habeas corpus case to the open file available to the defendant at trial. And, the CCDA has made no convincing argument that there is any reason for such a limitation in this case.

Clearly, material not subject to the open file -- such as attorneys' notes or memoranda, for example -- might be probative with respect to Petitioner's claims in this action. The Court will not limit the reach of Petitioner's subpoena to the scope of the open file discovery that was available to Petitioner prior to his trial.

<u>Time Limits</u>

The CCDA complains that there are no time limits with respect to the material sought by the subpoena. The CCDA points out that the subpoena could be read to seek material from the time of the state post conviction proceedings, and even, if taken to an extreme, material created in litigating this very discovery dispute in the current federal habeas action. This argument by the CCDA has merit.

It appears that it would be unduly burdensome to require the CCDA to search for responsive material created or acquired by the CCDA from the time of the prosecution of Petitioner all the way up to the present. While it is conceivable that a document containing exculpatory information could be created at any time, it seems that the chances of that become less and less as time passes. At the hearing, Petitioner's counsel appeared to concede that some time limit on the reach of the subpoena might be appropriate.

Drawing such a time limit is necessarily somewhat arbitrary. Nonetheless, in the exercise of the Court's discretion, to fairly limit the scope of the subpoena and the burden to be placed on the CCDA, the Court will limit the reach of the subpoena to material created or acquired by the CCDA before March 1, 1986. That is about the time when Petitioner's judgment of conviction became final. The Court determines that such a time limitation will help protect the

CCDA from undue burden, while adequately insuring that Petitioner will receive the necessary discoverable information that is in the CCDA's possession.

<u>The CCDA's Claim of Work Product Protection</u>

The primary argument made by the CCDA with respect to Petitioner's subpoena is that it calls for disclosure of work product, such as notes and memoranda created by prosecutors during the prosecution of Petitioner. The CCDA argues that such material is shielded from disclosure by the work product protection codified at Federal Rule of Civil Procedure 26(b)(3). The CCDA further argues that disclosure of such information would have an unacceptable chilling effect on the work of prosecutors.

The Court does not agree that Rule 26(b)(3) precludes the sort of discovery sought by Petitioner from the CCDA in this case.

The prosecution of Petitioner was long ago completed. The justifications for concealing work product, while still arguably applicable, certainly are less compelling after the subject litigation is terminated.

The CCDA argues that disclosure of prosecutors' work product, even long after a defendant's conviction becomes final, would create a chilling effect that would hinder prosecutors' work. However, it is not clear to the Court, and the CCDA has not described, exactly what sort of information in the prosecutors' notes and memoranda is so sensitive that its disclosure, even some twenty years after the prosecution is concluded, will cause a chilling effect on prosecutors. *See Hayes v. Brown*, 399 F.2d 972, 978 (9th Cir. 2005) (en banc) ("The prosecuting attorney represents a sovereign whose obligation is to govern impartially and whose interest in a particular case is not necessarily to win, but to do justice.... It is the sworn duty of the prosecutor to assure that the defendant has a fair and impartial trial."); *see also* ABA Standards for Criminal Justice 3-1.1(b) (3d. 1993) ("The prosecutor is both an administrator of justice and an advocate. The prosecutor must exercise sound discretion in the performance of his or her functions."); *id*. at 3.1-1(c) ("The duty of the prosecutor is to seek justice, not merely to convict"). Moreover, the CCDA has not cited

any legal authority describing such a chilling effect on prosecutors and holding that discovery should be precluded in order to avoid such chilling effect.

Petitioner claims that the prosecution violated his constitutional rights, under *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding material from disclosure during the course of his prosecution. This places at issue the actions of the prosecuting attorneys themselves. Under these circumstances, blanket application of the work product rule would be inappropriate. *See Holmgren v. State Farm Mut. Auto Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992).

The Court finds that the work product rule does not preclude the discovery sought from the CCDA by Petitioner.

Other Privilege Protection Claimed by the CCDA

The CCDA also asserts the deliberative process privilege, privilege for criminal history information, privilege for records regarding sexual abuse or neglect of a child, and privilege for medical or financial records. However, in its motion, the CCDA does not explain what materials, if any, are within its possession and are subject to these asserted privileges. At the hearing, the CCDA indicated that it could not now identify any documents subject to these privileges, and asserts them only generally to protect its rights in case it does hold records to which they apply.

Without a privilege log, and without any indication from the CCDA as to what records it would withhold from disclosure based on these privileges, the Court must, at least at this point, reject these asserted privileges as bases for the CCDA's motion. (The CCDA is not, however, precluded from asserting any of these privileges, if warranted, at an appropriate time and in an appropriate manner, if and when the CCDA determines that records in its possession are subject to them.)

Burden on the CCDA

The CCDA argues that it will bear undue hardship and expense if it must respond to the subpoena served upon it by Petitioner. The CCDA points out that the subpoena seeks information about 13 individuals, and the CCDA claims that it has approximately 21 boxes of

material -- about 20,000 pages -- that it must review in order to respond.  The CCDA states that it would take at least 2 to 3 months for it to respond to the subpoena.  The CCDA also describes internal factors affecting its ability to respond: apparently the CCDA is understaffed, and the attorney who would respond to the subpoena is quite busy.

The Court has no doubt that the subpoena imposes a burden on CCDA.  However, even CCDA acknowledges that much of the contents of the 21 boxes consist of transcripts and pleadings which will require minimal, if any, review.  The Court concludes that the burden placed upon the CCDA does not justify limiting the reach of Petitioner's subpoena beyond the time limitation described above.

The CCDA is the agency that prosecuted Petitioner, and sought and obtained the death penalty against him.  It is disingenuous to cast the CCDA as a third party inconvenienced and unjustly put to expense by these proceedings.  The discovery sought by Petitioner seeks information about key players in the facts underlying the case, including co-defendants, witnesses, an unindicted co-conspirator, and Petitioner himself.  It should come as no surprise to the CCDA that such material is at issue.

While the Court is sensitive to the burden placed upon the CCDA by the discovery authorized in this case, Petitioner has shown good cause to conduct that discovery, and the Court will not preclude that discovery merely on the basis of the burden it places upon the CCDA.  In view of the burden, however, the Court will grant the CCDA a relatively long period of time, approximately 90 days, to comply with the subpoena.

**IT IS THEREFORE ORDERED** that the Motion to Quash or Modify Subpoena (docket #68), filed by the Clark County District Attorney's Office (CCDA), is **GRANTED IN PART AND DENIED IN PART.**  The subpoena served upon the CCDA by the Petitioner (a copy of which is Exhibit 1 to docket #68) is modified to seek only material created or acquired by the CCDA before March 1, 1986.  In all other respects, the CCDA's motion is denied.

**IT IS FURTHER ORDERED** that the time for the CCDA to respond to Petitioner's subpoena is extended to and including **March 17, 2006.** By that date, the CCDA shall produce to Petitioner's counsel all non-privileged material in its possession responsive to the subpoena, as limited by this order; with respect to any material withheld from production by the CCDA on the basis of an assertion of any privilege, the CCDA shall provide Petitioner's counsel with a privilege log complying with the requirements of Federal Rule of Civil Procedure 45(d)(2).

**IT IS FURTHER ORDERED** that Petitioner shall complete all authorized discovery by **April 15, 2006**.

**IT IS FURTHER ORDERED** that Petitioner shall file and serve his amended habeas corpus petition by **July 22, 2006.**

Dated this 13th day of December, 2005.

_____
PHILIP M. PRO
Chief United States District Judge