UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN OLIVER SNOW,

    Petitioner,

vs.

E.K. McDANIEL, *et al.*,

    Respondents.

2:03-cv-0292-PMP-LRL

**ORDER**

        In this capital habeas corpus action, the petitioner has filed a stipulation, reflecting an agreement between petitioner and respondents that this case should be stayed to allow petitioner to return to state court to exhaust certain claims (docket #121). The Court will approve the stipulation, and stay this action so that petitioner may return to state court to exhaust his unexhausted claims.

        This action is brought pursuant to 28 U.S.C. § 2254, by John Oliver Snow, a Nevada prisoner sentenced to death. Petitioner's conviction and death sentence result from a homicide in Las Vegas in 1983. The judgment of conviction was entered in 1984. the Nevada Supreme Court affirmed in 1985, and petitioner's subsequent state-court habeas petitions were unsuccessful.

        This federal habeas action was initiated on March 13, 2003, and counsel was appointed for petitioner. Extensive discovery proceedings ensued, with petitioner granted leave of

court to conduct certain discovery. On November 26, 2007, petitioner filed his Amended Petition for Writ of Habeas Corpus (docket #115).

On April 8, 2008, petitioner filed the stipulation under consideration here (docket #121). In the stipulation, the parties agree that petitioner has, in his amended petition, set forth claims that he concedes are unexhausted, and that "there is good cause for Petitioner to return to state court to exhaust his constitutional claims." Stipulation (docket #121), p. 2. "The Petitioner and Respondent[s] therefore agree that the federal proceedings before this Court should be stayed and held in abeyance pending exhaustion of remedies in state court." *Id.*

Moreover, in the stipulation, the parties specifically agree that, with respect to two claims in petitioner's amended petition, Grounds 1 and 2, petitioner has a good faith argument that he may be able to overcome the state procedural bars that may apply to such claims. *See id.* at 1.

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the State's highest court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995)(*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

The stipulation of the parties indicates that the amended petition in this case contains unexhausted claims. Petitioner wishes to return to state court to exhaust his unexhausted claims. A stay is necessary if he is to do so, because of the effect of the statute of limitations. *See* 28 U.S.C. § 2244(d); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (pendency of federal habeas petition does not result in statutory tolling of the limitations period).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of this Court to impose a stay to facilitate a habeas petitioner's return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> * * *
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78.

In this case, respondents agree, and the Court is satisfied, that petitioner meets the *Rhines* standard for a stay of this action. Therefore, the Court will approve the parties' stipulation, and stay this action so that petitioner may return to state court to exhaust his unexhausted claims.

The Court's intention is that this will be the only time that the Court imposes a stay to allow petitioner to return to state court to exhaust claims. Petitioner must exhaust *all* of his unexhausted claims in state court during the stay of this action imposed pursuant to this order.

**IT IS THEREFORE ORDERED** that the Stipulation filed April 8, 2008 (docket #121) is **APPROVED**. This action is **STAYED** to allow petitioner to exhaust in state court his unexhausted claims for habeas corpus relief.

**IT IS FURTHER ORDERED** that petitioner shall have **45 days** from the date of entry of this order to commence an appropriate state-court proceeding. Petitioner's counsel shall seek appointment as counsel for petitioner in the state-court proceeding.

**IT IS FURTHER ORDERED** that, on or before **June 15, 2008**, petitioner shall file and serve a status report, describing the status of his state-court proceeding. Thereafter, during the stay of this action, petitioner shall file such a status report every 6 months (on or before December 15, 2008; June 15, 2009, December 15, 2009, *etc.*). Respondents may, if necessary, file and serve a response to any such status report within 15 days after its service. If necessary, petitioner may reply within 15 days of service of the response.

**IT IS FURTHER ORDERED** that following the conclusion of petitioner's state court proceedings, petitioner shall, within **30 days**, make a motion to lift the stay.

**IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a motion by respondents if petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

**IT IS FURTHER ORDERED** that, absent extraordinary circumstances, this will be the final opportunity that this Court provides to petitioner to return to state court to exhaust claims for habeas corpus relief.

DATED: April 11, 2008.

_____
UNITED STATES DISTRICT JUDGE