1      **UNITED STATES DISTRICT COURT**

2      **DISTRICT OF NEVADA**

3

4   JOHN OLIVER SNOW,                    )
                                         )
5          Petitioner,                   )      2:03-cv-0292-GMN-CWH
                                         )
6   vs.                                  )
                                         )      **ORDER**
7   RENEE BAKER, *et al.*,               )
                                         )
8          Respondents.                  )
    _____/

9

10       This order is issued pursuant to Federal Rule of Civil Procedure 16(b), the Rules Governing

11   Section 2254 Cases in the United States District Courts, and Local Rule 16-1.

12       This action is a petition for writ of habeas corpus brought by John Oliver Snow, a Nevada

13   prisoner sentenced to death.  Snow initiated this action on March 13, 2003.  The action was

14   stayed on April 14, 2008, to allow Snow an opportunity to exhaust claims in state court.  On

15   January 4, 2012, the stay was lifted.

16       On January 26, 2012, the court held a status conference.  Counsel for petitioner and counsel

17   for respondents appeared, and discussed the anticipated course of proceedings in this action.  In light

18   of the representations of counsel at the status conference, the court sets a schedule for further

19   litigation of this action, as follows.

20       **IT IS ORDERED**:

21       1.      **Amended Petition**.  If necessary, petitioner shall file and serve a second amended

22   petition for a writ of habeas corpus on or before **March 9, 2012**.  The second amended petition shall

23   specifically state whether each ground for relief has been exhausted in state court; for each claim that

24   has been exhausted in state court, the second amended petition shall state how, when, and where that

25   occurred.  If petitioner determines that a second amended petition need not be filed, then, when the

26   second amended petition is due, petitioner shall file and serve a statement to that effect.

2.    **Response to  Petition**.  Respondents shall have **60 days** following service of the second amended petition to file and serve an answer or other response to the second amended petition.  If petitioner does not file a second amended petition, respondents shall have **60 days** following the due-date for the second amended petition to file and serve an answer or other response to the amended petition, which was filed on November 26, 2007.

3.    **Reply and Response to Reply**.   Petitioner shall have **45 days** following service of an answer to file and serve a reply.  Respondents shall thereafter have **30 days** following service of a reply to file and serve a response to the reply.

4.    **Briefing of Motion to Dismiss**.   If respondents file a motion to dismiss, petitioner shall have **30 days** following service of the motion to file and serve an opposition to the motion.  Respondents shall thereafter have **30 days** following service of the opposition to file and serve a reply.

5.    **Discovery**.  If petitioner wishes to move for leave to conduct discovery, petitioner shall file and serve such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer.  Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis.  Respondents shall file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply.  Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for leave to conduct discovery.  If the court grants petitioner leave to conduct discovery, the court will then establish time limits for the completion of the authorized discovery.

6.    **Evidentiary Hearing**.   If petitioner wishes to request an evidentiary hearing, petitioner shall file and serve a motion for an evidentiary hearing concurrently with, but separate from,  the response to respondents' motion to dismiss or the reply to respondents' answer.  Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis.  The motion for an evidentiary hearing must

1   specifically address why an evidentiary hearing is required, and must meet the requirements of

2   28 U.S.C. § 2254(e).  The motion must state whether an evidentiary hearing was held in state court,

3   and, if so, state where the transcript is located in the record.  If petitioner files a motion for an

4   evidentiary hearing, respondents shall file and serve a response to that motion concurrently with, but

5   separate from, their reply in support of their motion to dismiss or their response to petitioner's reply.

6   Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for an

7   evidentiary hearing.

8          7.        **Status Reports and Status Conferences**.  The court may from time to time, as the

9   need arises, schedule status conferences, and/or require the filing and service of status reports, in

10  order to manage the progress of this action.

11         Dated this 27th day of January, 2012.

12

13  _____
    Gloria M. Navarro
14  United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26