UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN OLIVER SNOW,<br><br>    Petitioner,<br><br>v.<br><br>RENEE BAKER, et al.,<br><br>    Respondents. | Case No. 2:03-cv-00292-MMD-CWH<br><br>ORDER |

  In this capital habeas corpus action, brought by John Oliver Snow, a Nevada prisoner sentenced to death, there is, before the Court, a motion by Snow for partial reconsideration of an order entered on September 12, 2013 (dkt no. 173). In that order, the Court granted in part and denied in part the respondents' motion to dismiss, and dismissed several claims from Snow's second amended habeas petition.

  Snow filed his motion for reconsideration (dkt. no. 174) on September 23, 2013. Respondents filed an opposition to that motion (dkt. no. 175) on October 10, 2013. Snow filed a reply in support of the motion on October 21, 2013 (dkt. no. 176). Snow asserts two arguments in the motion, both concerning application of the procedural default doctrine.

  First, Snow focuses on the ruling in section IV(F) of the September 12, 2013, order, in which the Court rejected Snow's assertion that ineffective assistance of counsel in his first state habeas action constitutes cause for his procedural default of

claims of ineffective assistance of trial counsel. In that part of the order, the Court stated:

> With respect to the procedural default of his claims of ineffective assistance of trial counsel, in Claims 10A through 10N, 12, 13, and 15 (*see* descriptions of each of these claims, *supra*), Snow argues, relying upon *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), that ineffective assistance of counsel in his first state habeas action constitutes cause for the procedural default. *See* Opposition to Motion to Dismiss, pp. 58-88.
>
> In *Martinez*, the Supreme Court noted that it had previously held, in *Coleman v. Thompson*, 501 U.S. 722, 746-47 (1991), that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse procedural default. *Martinez*, 132 S.Ct. at 1319. The Court in *Martinez* then "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315. The Court described "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id.*
>
> The Court finds Snow's argument in this regard to be fundamentally flawed. In *Martinez*, the petitioner's procedural default was based on an Arizona rule barring successive petitions; as such, the petitioner's procedural default was complete when counsel in the initial-review collateral proceeding failed to raise certain claims. *See Martinez*, 132 S.Ct. at 1314. The procedural default at issue in this case is different. Snow's procedural default is based on the statute of limitations in NRS § 34.726. The procedural default occurred because Snow delayed for some twenty-three (23) years, after his direct appeal ended in August 1985, before he initiated his fourth state habeas action in April 2008, asserting the claims now held to be procedurally defaulted. *See* Order of Affirmance, Respondents' Exhibit 24, p. 2. The attorney who represented Snow in his first state habeas action represented Snow for only about a year and a half, while Snow's first state habeas action was pending − a very small portion of the time over which the statute of limitations default occurred. Ineffective assistance of Snow's first state post-conviction counsel cannot explain the long delay that led to Snow's default under NRS § 34.726. In short, there is an insufficient causal connection between the alleged ineffective assistance of Snow's first post-conviction counsel and the procedural default at issue in this case. Ineffective assistance of counsel in Snow's first state habeas action does not function as cause for the procedural default of the claims of ineffective assistance of trial counsel in Claims 10A through 10N, 12, 13, and 15.

Order entered September 12, 2013 (dkt no. 173), pp. 37-38.

Snow argues that "[i]mplicit in this Court's ruling is the mistaken assumption that Mr. Snow was required to exhaust allegations under *Martinez* in state court, and that the character of the procedural default at issue – i.e., the time bar – makes a difference and

means that Mr. Snow is not entitled to rely upon *Martinez*." Motion for Reconsideration (dkt no. 174), p. 2. Snow argues, in essence, that the Court improperly imposed an exhaustion requirement on the assertion of his argument under *Martinez*. *Id.* at 2-5.

As is plain from a reading of the ruling in question, quoted in full above, the Court imposed no exhaustion requirement on Snow's claim, under *Martinez*, that ineffective assistance of counsel in his first state habeas action should excuse his procedural default. The Court did not mention any exhaustion requirement anywhere in that ruling, and no such requirement is implicit in the Court's reasoning.

The Court ruled that the procedural default at issue occurred because Snow delayed for some twenty-three (23) years after his direct appeal ended in August 1985, before he initiated his fourth state habeas action in April 2008, asserting the claims now held to be procedurally defaulted, and ineffective assistance of Snow's first state post-conviction counsel, who represented Snow for only a small portion of that time, does not explain the long delay. As the Court stated in the September 12, 2013l, order, "there is an insufficient causal connection between the alleged ineffective assistance of Snow's first post-conviction counsel and the procedural default at issue in this case."

The Court, therefore, finds Snow's first argument in his motion for reconsideration to be meritless.

Second, Snow takes issue with the following ruling, in section IV(H)(1) of the September 12 order, in which the court ruled that, with respect to Claims 1A, 1B, 1C, 1D, 1E, and 2 of Snow's second amended petition, the Nevada Supreme Court's application of the time bar of NRS 34.726 was independent of federal law:

> In Claim 1, Snow claims that his constitutional rights were violated "due to the state's failure to disclose material exculpatory and impeachment information, to the state's elicitation of false testimony from its witnesses, to the state's failure to correct the false testimony of its witnesses, and to a persistent pattern of misconduct by the state which distorted the fact-finding process and rendered Mr. Snow's trial fundamentally unfair." Second Amended Petition, p. 11. Claim 1 includes several subparts. *See id.* at 11-41. In Claim 1A, Snow alleges that "the prosecution failed to disclose material impeachment information and failed to correct false testimony regarding undisclosed benefits received by state's witness Richard Morelli." *Id.* at 14. In Claim 1B, Snow alleges that

"the state failed to disclose material exculpatory and impeachment information pertaining to Kathy Faltinowski, the only testifying co-conspirator who purportedly could identify Mr. Snow as the hit man who killed Harry Wham." *Id.* at 22. In Claim 1C, Snow alleges that "the state failed to disclose material exculpatory and impeachment evidence relating to Arlen and Jody Edwards." *Id.* at 26. In Claim 1D, Snow alleges that "the state failed to disclose material exculpatory and impeachment information relating to Melinda Barwick." *Id.* at 29. In Claim 1E, Snow alleges that "the state failed to disclose material exculpatory and impeachment evidence from information generated by law enforcement that could have been used to show that the police failed to adequately investigate alternative suspects in the offense." *Id.* at 30. Snow also includes sections F and G under Claim 1, but the material in those subsections does not appear to set forth separate subclaims, but rather, appears to include argument relative to Claims 1A, 1B, 1C, 1D, and 1E. In Claim 2, Snow claims that his constitutional rights were violated "due to the state's actions in sending Richard Morelli, an agent of the government, into the jail to obtain incriminating statements from Mr. Snow in violation of his right to counsel." *Id.* at 42.

These appeared in a state habeas petition for the first time in Snow's fourth state habeas petition, initiated April 25, 2008. Snow points to no previous presentation of any of those claims in state court.

Snow argues that the Nevada Supreme Court's ruling, with respect to these claims, was not independent of federal law, in that the procedural ruling was intertwined with the merits of the claim. *See* Opposition to Motion to Dismiss, pp. 39-42. The following is the Nevada Supreme Court's ruling on the question of cause and prejudice for the procedural bar:

> Snow argues that the district court erred by dismissing his post-conviction petition as procedurally barred because he established good cause and prejudice by showing that the State withheld material evidence in violation of *Brady*, 373 U.S. 83. *Brady* obliges a prosecutor to reveal evidence favorable to the defense when that evidence is material to guilt, punishment, or impeachment. *Mazzan v. Warden*, 116 Nev. 48, 66, 993 P.2d 25, 36 (2000). There are three components to a successful *Brady* claim: "the evidence at issue is favorable to the accused; the evidence was withheld by the state, either intentionally or inadvertently; and prejudice ensued, i.e., the evidence was material." *Id.* at 67, 993 P.2d at 37. We have acknowledged that "a *Brady* violation does not result if the defendant, exercising reasonable diligence, could have obtained the information." *Rippo v. State*, 113 Nev. 1239, 1257, 946 P.2d 1017, 1028 (1997).
>
> When a *Brady* claim is raised in the context of a procedurally barred post-conviction petition, the petitioner has the burden of demonstrating good cause for his failure to present the claim earlier and actual prejudice. *State v. Bennett*, 119 Nev 589, 599, 81 P.3d 1, 8 (2003); *Mazzan*, 116 Nev. at 67, 993 P.2d at 37. As a general rule, "[g]ood

4

> cause and prejudice parallel the second and third *Brady* components; in other words, proving that the State withheld the evidence generally establishes cause, and proving that the withheld evidence was material establishes prejudice." *Bennett*, 119 Nev. at 599, 81 P.3d at 8. But a *Brady* claim still must be raised within a reasonable time after discovery of the withheld evidence. See *Hathaway v. State*, 119 Nev. 248, 254-55, 71 P.3d 503, 507-08 (2003); see also *Harris v. Warden*, 114 Nev 956, 959 & 959-60 n.4, 964 P.2d 785, 788 & 788-89 n.4 (1998).
>
> Snow points to five categories of evidence that he alleges were withheld by the State and argues that the State's withholding the evidence precluded him from raising the *Brady* claim earlier and resulted in prejudice: (1) evidence related to Richard Morelli, (2) evidence related to Kathy Faltinowski, (3) evidence related to Jody and Arlen Edwards, (4) evidence related to Malinda Barwick, and (5) evidence related to other suspects. And although Snow obtained much of the alleged *Brady* material several years before he filed the instant petition, he argues that the State's ongoing failure to comply with post-conviction discovery procedures delayed the filing of his petition, as it took several years and federal court intervention to secure the challenged material from the State.
>
> Having carefully reviewed each of Snow's *Brady* claims, *we conclude that he failed to demonstrate good cause for his delay in raising those claims*, as the evidence was discovered or disclosed years before Snow filed the instant petition or could have been discovered through reasonable diligence, was privileged, or its relevance was unclear. [Footnote omitted.] However, even if he had demonstrated good cause, we conclude that he failed to show that any of the challenged evidence was material such that it affected the outcome of his trial. Therefore, we conclude that the district court did not err by summarily dismissing Snow's *Brady* claims.

Order of Affirmance, Respondents' Exhibit 24, pp. 3-5 (emphasis added). Thus, the Nevada Supreme Court, while acknowledging that the cause-and-prejudice analysis overlapped the merits of the *Brady* claim, ruled, in the quoted passage, on Snow's argument that he could show cause-and-prejudice to overcome the procedural bar. In making its ruling, the Nevada Supreme Court used the term "materiality," and considered whether the allegedly withheld material was material, but the court plainly did so only in judging whether Snow had made a showing of prejudice.

When a state court determines that a state procedural bar applies, and looks at the merits of the federal constitutional claim for the purpose of determining whether the petitioner can show cause and prejudice to overcome the procedural bar, the state court's application of the bar is not considered to be intertwined with the merits of the federal claim such as to deprive the state procedural bar of its independence. See *Moran v. McDaniel*, 80 F.3d 1261, 1269 (9th Cir.1996). The Nevada Supreme Court's application of NRS 34.726 was independent of federal law.

> Also with regard to these claims, Snow asserts that he can show cause and prejudice for the procedural default. *See* Opposition to Motion to Dismiss, pp. 42-46. In his somewhat convoluted discussion in this regard, Snow argues the strength of his *Brady* claims with respect to the Morelli, Faltinowski, and Edwards material, but Snow does not explain how he was prevented from bringing those *Brady* claims in state court within the state limitations period. As the Nevada Supreme Court ruled, the subject material was discovered years before Snow initiated his fourth state habeas action. Snow does not show cause and prejudice for the procedural default of Claims 1 and 2.
>
> Claims 1A, 1B, 1C, 1D, 1E, and 2 are barred from litigation in this federal habeas action by the procedural default doctrine.

Order entered September 12, 2013 (dkt no. 173), pp. 42-45.

Snow argues in his motion for reconsideration that "[t]he Nevada Supreme Court's decision is a textbook example of a procedural rule that is not independent of federal law: the state court's finding of no prejudice is coterminous with the materiality standard which is a review of the merits of the claim." Motion for Reconsideration, p. 5.

However, even if, for sake of argument, the prejudice and materiality analyses are coterminous as Snow asserts, it is plain from a reading of the Nevada Supreme Court's ruling that the court simply did not adjudicate the question whether there was in fact a *Brady* violation. *See* Order of Affirmance, Respondents' Exhibit 24, pp. 3-5. The state court did not determine whether the prosecution wrongfully withheld material. *Id.* Rather, the Nevada Supreme Court held that Snow waited too long after discovering the "*alleged Brady material*," and did not show good cause for that delay. *Id.* (emphasis added). The Nevada Supreme used the word "alleged," and plainly did not rule on the question whether the material at issue was actually wrongfully withheld by the State. The Nevada Supreme Court's ruling, that Snow's *Brady* claims were time barred, did not include a ruling on the merits of the federal *Brady* claims.

Reconsideration of the September 12, 2013, order is unwarranted. Snow's motion for reconsideration will be denied.

In view of the litigation of this motion for reconsideration, the Court will *sua sponte* extend to January 31, 2014, the time for respondents to file an answer, responding to the remaining claims in petitioner's second amended habeas corpus

petition (dkt. no. 137), which are Claims 3, 4, 10D, 10K (to the extent Snow claims that his trial counsel was ineffective for failing to present evidence that Snow had once saved the life of a prison guard, and evidence that, in the past, two physicians had stated their opinion that Snow was legally insane), 10N (to the extent that Snow claims that his trial counsel was ineffective for failing to raise the claim in Claim 8 that the prosecutor improperly injected his own opinion into his closing argument in the penalty phase of the trial), 11, 14, 16 (to the extent that Snow claims that his appellate counsel was ineffective on his direct appeal for failing to raise Claim 3, and for failing to raise the claim in Claim 8 that the prosecutor improperly injected his own opinion into his closing argument in the penalty phase of the trial), and 19.

It is therefore ordered that petitioner's Motion for Partial Reconsideration of Order (dkt no. 174) is denied.

It is further ordered that respondents shall have until and including January 31, 2014, to file an answer responding to the remaining claims in petitioner's second amended habeas corpus petition (dkt. no. 137).

It is further ordered that, in all other respects, the schedule for further proceedings set forth in the order entered January 27, 2012 (dkt. no. 135), shall remain in effect.

DATED THIS 5th day of November 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE