UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN OLIVER SNOW, | Case No. 2:03-cv-00292-MMD-CWH |
| Petitioner, | ORDER |
| v. | |
| TIMOTHY FILSON, *et al.*, | |
| Respondents. | |

In this capital habeas corpus action, brought by Nevada prisoner John Oliver Snow, the Court denied Snow's second amended habeas petition on September 25, 2015, and judgment was entered on September 28, 2015. *See* Order dated September 25, 2015 (ECF No. 201); Judgment (ECF No. 202). Snow filed a motion to alter or amend judgment (ECF No. 209); the Court denied that motion on May 24, 2016 (ECF No. 213).

In the September 25, 2015, order, the Court granted Snow a certificate of appealability. (*See* Order entered September 25, 2015 (ECF No. 201 at 54-55).)

On November 22, 2016, Snow filed a Motion for Clarification (ECF No. 217), requesting clarification of the scope of the certificate of appealability. Snow has attached to that motion, as an exhibit, an order of the court of appeals granting a limited remand for Snow to present the motion for clarification in this Court. (*See* Order filed November 9, 2016, Exhibit A to Motion for Clarification (ECF No. 217-1).) Respondents did not respond to the motion for clarification.

In his motion, Snow argues that the certificate of appealability, set forth in the September 25, 2015, order, was inconsistent with the order entered September 12, 2013 (ECF No. 173), in which the Court ruled on a motion to dismiss.

The Court finds that Snow has identified three inconsistencies between the certificate of appealability and the September 12, 2013, order: Claims 1A, 1D and 10H were not ruled time-barred, and those three claims should not have been listed in the portion of the certificate of appealability, concerning the Court's ruling regarding the application of the statute of limitations. There is good cause to grant Snow's motion for clarification in this regard, and to amend the certificate of appealability, to delete the mention of Claims 1A, 1D and 10H in paragraph 3 of the certificate of appealability. However, the remainder of Snow's motion for clarification is without merit.

In the September 12, 2013, order, the Court did rule the following claims (among others) to be procedurally defaulted: Claims 7, 12A, 13B, 13C, 16 (except to the extent that Snow claims that his appellate counsel was ineffective on his direct appeal for failing to raise Claims 3 and 5, and the claim in Claim 8 that the prosecutor improperly injected his own opinion into his closing argument in the penalty phase of the trial), 17, 18 and 21. (*See* Order entered September 12, 2013 (ECF No. 173 at 33-54, 56).)

In the September 12, 2013, order, the Court did not rule Claims 19 and 20 to be procedurally defaulted (*see id.* at 53-54, 56), and those claims were not listed in the certificate of appealability as procedurally defaulted. (*See* Order entered September 25, 2015 (ECF No. 201 at 55).)

In his motion for clarification, Snow repeatedly cites to part IV.H. (pages 42-54) of the September 12, 2013, order in a manner suggesting that any claim not discussed in that part of the order was not ruled procedurally defaulted. That is an incorrect reading of the order. In part IV.H. of the September 12, 2013, order, the Court discussed only the claim-specific arguments that Snow made, in opposition to the motion to dismiss, regarding the procedural default (as the heading of part IV.H., at page 42, indicates). The

court found all the claims alleged by the respondents to be procedurally defaulted to be procedurally defaulted, unless otherwise specifically stated in the order.

In short, in the September 12, 2013, order, the summary of the Court's rulings, at pages 55 to 56, was accurate. (*See* Order entered September 12, 2013 (ECF No. 173 at 55-56).) With the limited amendment of the certificate of appealability granted in this order, the certificate of appealability is consistent with that summary of rulings in the September 12, 2013, order.

Therefore, Snow's Motion for Clarification (ECF No. 217) is granted in part and denied in part. Paragraph 3 of the certificate of appealability, as set forth at pages 54-55 of the September 25, 2015, order, is amended, as follows. The material in paragraph 3 of the certificate of appealability, at page 54, line 27, to page 55, line 5, of the September 25, 2015, order, is replaced with the following:

> (3) whether this Court erred in ruling the following claims barred by the statute of limitations: 2, 5, 6, 10B, 10F, 10G, 10I, 10J, 10L (to the extent it concerns the jury instruction regarding premeditation and the lack of a jury instruction regarding the requirement that aggravating circumstances be found unanimously by the jury), 10M (to the extent it concerns the lack of a jury instruction regarding the requirement that aggravating circumstances be found unanimously by the jury), 10N (to the extent it is based on trial counsel's failure to raise Claims 5, 6, 12A, 13B, 13C, 19, and 20), 12A, 13B, 13C, 16 (to the extent it is based on appellate counsel's failure to raise Claims 5, 6, 12A, 13B, 13C, 19, and 20), 17, 18, 20, and 21; and

In all other respects, Snow's Motion for Clarification is denied.

It is further ordered that, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court will substitute Timothy Filson for Renee Baker, on the docket for this case, as the respondent warden, and will update the caption of the action to reflect this change.

DATED THIS 22nd day of December 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE